```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO.  09-80944-CIV-ZLOCH
```

THE NATIONAL YOUTH RIGHTS
ASSOCIATION OF SOUTHEAST
FLORIDA, JEFFREY NADEL,
PHILIP NADEL, and ZACHARY
GOODMAN,

      Plaintiffs,

vs.                                  **FINAL ORDER OF DISMISSAL**
                                      **AS TO STATE LAW CLAIMS**

CITY OF WEST PALM BEACH,

      Defendant.
_____/

     THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

     The Court notes that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction."  28 U.S.C. § 1367(a) (2006). Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331 (2006).  "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues."  Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing

Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

In their Complaint (DE 1), Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and Florida state law.  Count 1 asserts a claim arising only under the federal Constitution, while claims arising under both the federal Constitution and the Florida Constitution are asserted in Counts 2, 3, and 4.  The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to the federal claims and 28 U.S.C. § 1367 as to the state law claims.  Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (2006).  It is clear that this Court has original jurisdiction over the federal claim asserted in Counts 1-4 pursuant to 28 U.S.C. § 1331.  After reviewing Plaintiff's Complaint herein, the Court finds that the state law claims as asserted in Counts 2-4 are so related to the federal claims in the instant action that they form part of the same case or controversy.  28 U.S.C. § 1367(a) (2006).  Therefore, this Court has the authority to exercise supplemental jurisdiction over the state law claim in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here.  In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in United Mine Workers of Am. v.

2

Gibbs, 383 U.S. 715 (1966).  The relevant statute provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law, [or]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

28 U.S.C. § 1367(c) (2006).  Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts 2-4 of the Complaint because those claims present questions of state law which would otherwise predominate over the federal claims present here.  The Court finds that such state law claims would tend to dominate the federal claims and obscure their significance.  See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and dismiss the state law claims set forth in Counts 2-4 as such state law claims present both novel and complex questions of state law which would otherwise predominate over the federal claims presented here.[1]

The Court recognizes that current trends in the law favor expanded federal court jurisdiction.  The Court is mindful,

---

[1] The Court directs Plaintiffs to 28 U.S.C. § 1367(d), which tolls the limitations period on claims asserted under § 1367(a) for thirty days, unless state law provides for a longer tolling period, so that the same may be refiled in state court.

3

however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' claims arising under the Florida Constitution raised in Counts 2-4 of the Complaint (DE 1) be and the same are hereby **DISMISSED**;

2. The federal claims raised in Counts 1-4 remain undisturbed by this Final Order of Dismissal; and

3. By noon on Thursday, August 20, 2009, Plaintiffs shall file an Amended Complaint asserting only their federal claims consistent with this Final Order of Dismissal.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___6th___ day of August, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record